**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
− − − − − − − − − − − − − − − − − − − − − − − − − − − − − −x
**FAIRFIELD SENTRY LIMITED, et al. (In Official** :
**Liquidation), acting by and through the Foreign** :
**Representatives Thereof,** :
                       :
              **Plaintiffs,** :
                       :   **No. 10-cv-07841 (LAP)**
        **-against-** :
                       :
**PICTET & CIE and BENEFICIAL OWNERS OF THE** :
**ACCOUNTS HELD IN THE NAME OF PICTET &** :
**CIE 1-1000,** :
                       :
             **Defendants.** :
                       :
− − − − − − − − − − − − − − − − − − − − − − − − − − − − − −x


## REPLY MEMORANDUM IN FURTHER SUPPORT OF
## PICTET & CIE'S MOTION TO WITHDRAW THE REFERENCE
## TO THE UNITED STATES BANKRUPTCY COURT

Michael E. Wiles
Jessica R. Simonoff
Matthew B. Harris
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-6000

*Attorneys for Defendant*
*Pictet & Cie*

November 12, 2010

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### <u>Cases</u>

*Beneficial Nat'l Bank USA v. Best Receptions Sys. (In re Best Reception Sys., Inc.)*,
   220 B.R. 932 (Bankr. E.D. Tenn. 1998) .......................................................................2

*Frelin v. Oakwood Homes Corp.*,
   292 B.R. 369 (Bankr. E.D. Ark. 2003) .........................................................................2

*In re Finkley*,
   203 B.R. 95 (Bankr. N.D. Ill. 1996) .............................................................................2

*In re Onyx Motor Car Corp.*,
   116 B.R. 89 (S.D. Ohio 1990) ......................................................................................2

*Nickless v. Creare, Inc. (In re Haverhill Tech. Group)*,
   310 B.R. 478 (Bankr. D. Mass. 2004) ..........................................................................1

*Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*,
   4 F.3d 1095 (2d Cir. 1993)........................................................................................1, 3

*Roper v. Am. Health & Fire Ins. Co. (In re Roper)*,
   203 B.R. 326 (Bankr. N.D. Ala. 1996) .........................................................................2

*Weiner's, Inc. v. T.G. & Y. Stores Co.*,
   191 B.R. 30 (S.D.N.Y. 1996)........................................................................................3

### <u>Statutes and Rules</u>

11 U.S.C. § 1521 .................................................................................................................3

28 U.S.C. § 157...................................................................................................................3

Fed. R. Bankr. P. 5011........................................................................................................1

### <u>Other Authorities</u>

COLLIER ON BANKRUPTCY ¶ 542.01 (Alan N. Resnick & Henry J. Sommer eds.,
   16th ed.) ........................................................................................................................3

Rule 5011 of the Federal Rules of Bankruptcy Procedure (the "Rules") makes clear that a motion to withdraw the reference must be decided by the "district court," as it is only the district court that has discretion to withdraw the reference. Fed. R. Bankr. P. 5011. The Second Circuit Court of Appeals has held that in deciding such a motion the "district court" should determine whether a particular proceeding is a "core" or a "non-core" proceeding. *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1101 (2d Cir. 1993). The Rules and the controlling authority, therefore, make clear that it is this Court – not the Bankruptcy Court – that should decide the motion to withdraw the reference and, by implication, any issues of "core" or "non core" jurisdiction that are part of that motion.

There is neither logic, nor efficiency, in Fairfield's request that this Court postpone decision on the withdrawal motion so that the Bankruptcy Court can decide the pending remand and abstention motions. Rule 5011 does not contemplate the deferral of a withdrawal motion, and it does not contemplate that any part of the withdrawal motion will be "farmed out" to the Bankruptcy Court. Furthermore, any ruling by the Bankruptcy Court would be appealed to this Court, which would then need to conduct a *de novo* review in any event.

In arguing to the contrary, Fairfield makes a number of arguments that are without merit.

*First*, Fairfield argues that it is "irrelevant" whether the Bankruptcy Court has jurisdiction over Fairfield's underlying case against Pictet. Pl. Br. at 11. That is a staggering proposition: Fairfield argues, in essence, that the Bankruptcy Court should keep possession of these cases for now, without regard to whether there was any basis to send the cases to the Bankruptcy Court in the first place. Not surprisingly, the cases cited by Fairfield do not support that proposition. Pl. Br. at 11-12. Each of the cited decisions holds that *if* a bankruptcy court has jurisdiction over the underlying case, a remand motion *then* may constitute a core proceeding. *Nickless v. Creare, Inc.*

*(In re Haverhill Tech. Group)*, 310 B.R. 478, 484-85 (Bankr. D. Mass. 2004) (bankruptcy court deemed abstention request to be "core proceeding" only after determining that underlying case was "related to" an ongoing bankruptcy proceeding); *Frelin v. Oakwood Homes Corp.*, 292 B.R. 369, 376-80 (Bankr. E.D. Ark. 2003) (same); *Beneficial Nat'l Bank USA v. Best Receptions Sys. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 939, 941 (Bankr. E.D. Tenn. 1998) (same); *Roper v. Am. Health & Fire Ins. Co. (In re Roper)*, 203 B.R. 326, 333-34 (Bankr. N.D. Ala. 1996) (bankruptcy court deemed remand request to be "core proceeding" only after determining that underlying case was "related to" an ongoing bankruptcy proceeding); *In re Finkley*, 203 B.R. 95, 97 (Bankr. N.D. Ill. 1996) (bankruptcy court deemed abstention request to be "core proceeding" because creditor requested relief from automatic stay of debtor's assets in Chapter 13 proceeding).

In this case, defendants have disputed that the cases were timely removed, that there was ever any proper basis for jurisdiction in this Court, and that there was ever any proper basis for referral of the cases to the Bankruptcy Court in the first place.  It makes little sense to contend that in such a matter the Bankruptcy Court (not the District Court) should hear the issue.

*Second*, Fairfield cites *In re Onyx Motor Car Corp.*, a decision rendered in 1990 by the Bankruptcy Court for the Southern District of Ohio, and other pre-1993 decisions for the proposition that this Court may only withdraw the reference to the bankruptcy court under "truly exceptional and compelling circumstances."  116 B.R. 89, 91 (S.D. Ohio 1990); Pl. Br. at 8-9.  In fact, the governing standard in this Circuit was established by the later decision in 1993 by the Court of Appeals in *Orion*, which requires analysis of only the following factors: (i) whether the claim is core or non-core; (ii) the efficient use of judicial resources; (iii) delay and costs to the parties; (iv) uniformity of bankruptcy administration; (v) the prevention of forum shopping; and

(vi) other related factors. *Orion Pictures Corp.*, 4 F.3d at 1101. As described in its opening brief in support of this Motion, Pictet has satisfied the *Orion* standard.

*Third*, Fairfield has argued that bankruptcy court jurisdiction is proper because Fairfield's claims amount to "turnover" actions. Pl. Br. at 19. In fact, a "turnover action" exists only when a debtor has an undisputed right to specific property. *Weiner's, Inc. v. T.G. & Y. Stores Co.*, 191 B.R. 30, 32 (S.D.N.Y. 1996) (disputed and unliquidated debt cannot be subject to turnover action); *see also* COLLIER ON BANKRUPTCY ¶ 542.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("[W]here title to the property sought to be turned over to the bankruptcy estate is in dispute, such an action 'can only constitute, at the most, noncore rather than core proceedings, given that such actions are not true turnover actions. . . .'"). A disputed damage claim – what Fairfield has asserted here – is not a "turnover" action.

*Fourth*, Fairfield has contended that bankruptcy court jurisdiction is proper because its claims are effectively avoidance actions, which are deemed to be core proceedings under 28 U.S.C. § 157(b)(2)(F). Pl. Br. at 19. Plainly, however, these cases are not "avoidance" actions: such actions are not even available in a Chapter 15 case. *See* 11 U.S.C. § 1521(a)(7).

With respect to the remainder of Fairfield's arguments, Pictet joins in the papers submitted by other similarly situated defendants and refers once again to the arguments set forth in its initial brief in support of this Motion, and respectfully requests that this Court grant Pictet's motion to withdraw the reference to the Bankruptcy Court and grant such other and further relief as may be just and proper.

Dated:  New York, New York
            November 12, 2010


                                    /s/ Michael E. Wiles
                                    Michael E. Wiles
                                    Jessica R. Simonoff
                                    Matthew Harris
                                    DEBEVOISE & PLIMPTON LLP
                                    New York, New York  10022
                                    (212) 909-6000

                                    *Attorneys for Defendant Pictet & Cie*

4